UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

UNITED STATES OF AMERICA

        - against -               10-CR-850-01(JGK)

MICHAEL MITCHELL,              MEMORANDUM OPINION AND
                                         ORDER
                     Defendant.
────────────────────────────────────

JOHN G. KOELTL, District Judge:

      The defendant, acting *pro se*, applies for early termination of his two-year term of supervised release.  He began his term of supervised release in September 2014, and that term should conclude in approximately six months.  He applies for early termination because he successfully completed his term of imprisonment, he earned a one-year reduction in that term as a result of his successful completion of the Bureau of Prisons Residential Substance Abuse Treatment Program, secured full-time employment, and has been abiding by the terms of his supervised release.  The defendant asserts that the terms of his supervised release make it difficult for him to travel to Ireland to see his family and to travel on short notice to visit his children.

      The Court has the discretion to terminate the defendant's supervised release based on "the conduct of the defendant released and the interest of justice."  18 U.S.C. §3583(e)(1).  However, to justify termination, the defendant should show that there is some basis in addition to his faithful compliance with the conditions of supervised release.  See generally United

States v. Jimenez, No. 04cr329 (JGK), 2010 WL 6385382, at *1
(S.D.N.Y. Mar. 24, 2010); United States v. Liriano, No. 91cr908
(JFK), 2010 WL 532517, at *1-2 (S.D.N.Y. Feb. 11, 2010).  In
this case, while the defendant's successful completion of his
term of imprisonment and his conduct during the term of
supervised release are indeed laudatory, that circumstance is
insufficient to justify a change in the sentence that the Court
originally imposed. See, e.g., United States v. Wolfson, No.
00cr0628 (JGK), 2011 WL 6013846, at *1 (S.D.N.Y. Dec. 1, 2011)
("The defendant has [ ] not demonstrated any exceptional
circumstances to warrant an early termination of supervised
release.")

As to the difficulty with travel permission, the Probation
Department is not required to clear the defendant's travel plans
in advance with the Court, including international travel.  The
Court is confident that the Probation Department will freely
grant the defendant permission to travel domestically and
internationally.  If permission is denied, the defendant may
then seek permission from the Court. See, e.g., United States
v. Wexler, No. 02cr122 (JGK), 2011 WL 5597354, at *1 (S.D.N.Y.
Nov. 16, 2011).

The defendant's request for an early termination of supervised release is denied, but the Court's advance permission is not required for the defendant to travel.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **March 28, 2016**          _____/s/_____
                                        **John G. Koeltl**
                              **United States District Judge**